IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES FARRELL, BY AND THROUGH THE SUCCESSOR TRUSTEE OF THE FARRELL LIVING TRUST, LAURA KAUFMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**JP MORGAN CHASE BANK, N.A., ET AL.,**<br><br>Defendants. | CASE NO. 4:20-cv-03709 YGR<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 7, 11 |

Plaintiff James Farrell, by and through the successor trustee of the Farrell Living Trust, Laura Kaufman, brings this action for claims arising out of alleged financial elder abuse. Defendants JP Morgan Chase Bank, N.A., Fawn Periera, and Kevin Prario ("JP Morgan defendants") removed this action on the basis that this Court has jurisdiction under 28 U.S.C. § 1332. Now pending is (1) Farrell's motion to remand the action to state court on the ground that the action cannot be removed on the basis of 28 U.S.C. § 1332 because complete diversity of citizenship does not exist; and (2) JP Morgan defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all claims in the complaint for failure to state a claim.

Having carefully considered the pleadings and the parties' briefs, and for the reasons set forth below, the Court **GRANTS** the motion to remand this action to the Superior Court of the County of San Francisco and **DENIES AS MOOT** the motion to dismiss. The Court **ORDERS** JP Morgan defendants to pay $9,520 to Farrell for the **ATTORNEYS' FEES** he incurred in connection with the removal of this action.

**I.  BACKGROUND**

Farrell alleges as follows.

1       In the summer of 2014, Farrell befriended a woman who identified herself as Ann Johnson.
2  Compl. ¶¶ 2, 18, Docket No. 1-1.  Johnson directed Farrell, who is eighty-six years old, to
3  withdraw money from his account with JP Morgan Chase to give to her, and Farrell did so on
4  more than 300 occasions, ultimately withdrawing approximately $2,500,000.  *Id.* ¶ 2.  When he
5  withdrew money, Periera and Prario, who work at JP Morgan Chase, assisted Farrell in
6  withdrawing his funds.  *Id.*  Periera and Prario allegedly had notice that Farrell was potentially
7  being victimized as part of a "sweetheart scam" and thus allegedly assisted in Johnson's financial
8  elder abuse of Farrell.  *Id.*

9       Farrell asserts the following claims against defendants: (1) financial elder abuse; (2)
10 negligence; and (3) a claim for violations of California's Unfair Competition Law.

11      Farrell filed this action in state court on February 26, 2020.  Docket No. 1-1.  On June 4,
12 2020, more than thirty days after they were served with the complaint, JP Morgan defendants
13 removed this action on the basis that this Court has jurisdiction over it under 28 U.S.C. § 1332.
14 Notice of Removal ¶¶ 1,13, Docket No. 1.  In their notice of removal, JP Morgan defendants admit
15 that Johnson, Periera, and Prario are citizens of California; JP Morgan defendants nevertheless
16 contend that diversity of citizenship exists for the purpose of removal because Johnson had not
17 been served by Farrell when they removed the action, and because Periera and Prario were
18 fraudulently joined.  *Id.* ¶¶ 9-11, 15.

19 **II.    LEGAL STANDARD**

20      Removal of an action filed in state court to federal court is proper only if the case could
21 have been filed originally in federal court.  28 U.S.C. § 1441(a); *Rodriguez v. AT&T Mobility*
22 *Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court
23 an action first brought in state court when the district court would have original jurisdiction[.]").
24 The procedure for removing an action to federal court is set forth in 28 U.S.C. § 1446.  A
25 defendant seeking removal is required to file a notice of removal containing a "short and plain
26 statement of the grounds of removal" within 30 days of receipt of an initial pleading, or, if the case
27 stated by the initial pleading is not removable, within 30 days after receipt by the defendant of a
28 copy of an "amended pleading, motion, order, or other paper from which it may first be

ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(l) & (b)(3).

"Federal courts are of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, there is a "strong presumption against removal jurisdiction," and the "defendant always has the burden of establishing that removal jurisdiction is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). When determining whether the defendant has met his burden of showing that removal jurisdiction exists, the district court's analysis is limited to the grounds for removal stated in the notice of removal. *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). A defendant cannot rely on a new substantive ground for removal that was not included in the notice of removal. *Id.*; *Smiley v. Citibank (S. Dakota), N.A.*, 863 F. Supp. 1156, 1159 (C.D. Cal. 1993). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citation omitted).

A plaintiff may move to remand the action to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. *Id.* On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The district court has "wide discretion" to determine whether to award fees, and "bad faith need not be demonstrated." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

**III. DISCUSSION**

JP Morgan defendants removed this action on the ground that the district court has jurisdiction under 28 U.S.C. § 1332, and Farrell now moves to remand the action to state court on the basis that this Court lacks jurisdiction under 28 U.S.C. § 1332, because complete diversity of citizenship does not exist. Farrell also requests an award of attorneys' fees in the amount of $9,520, which he claims to have incurred in connection with JP Morgan defendants' removal of this action.

3

To remove an action based on diversity jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed); 28 U.S.C. § 1332 (providing that a district court has original jurisdiction of a civil action, in relevant part, where there is complete diversity of citizenship and the amount in controversy exceeds $75,000).

Here, Farrell alleges that he is a citizen of California, and that three of the defendants named in the complaint, Periera, Prario, and Johnson, also are citizens of California. Accordingly, complete diversity of citizenship did not exist as of the time the complaint was filed; this precludes the removal of this action on the basis of 28 U.S.C. § 1332. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1175-76 (9th Cir. 1969) ("The requisite complete diversity of citizenship between the plaintiff and the named defendants is lacking because Morris and Vitek are both California citizens" and noting that an action cannot be removed where there is a "lack of complete diversity").

In their notice of removal, JP Morgan defendants argue that removal on the basis of 28 U.S.C. § 1332 is appropriate despite the absence of complete diversity of citizenship because: (1) Johnson's California citizenship can be ignored for the purpose of determining whether diversity of citizenship exists, as Farrell did not serve her within 60 days of the filing of the complaint; and (2) the California citizenship of Periera and Prario can be ignored for the purpose of determining whether diversity of citizenship exists, as these defendants were fraudulently joined. Notice of Removal at 3, Docket No. 1. If either of these arguments fails, Farrell's motion to remand must be granted.

The first argument is invalid. Johnson's California citizenship cannot be ignored for the purpose of determining whether this Court has jurisdiction over this action under 28 U.S.C. § 1332 on the basis that she had not been served when JP Morgan defendants filed their notice of removal. The Ninth Circuit has expressly rejected the notion that the citizenship of a defendant who has not been served can be ignored for the purpose of determining whether an action can be

4

removed on the basis of 28 U.S.C. § 1332. *See Clarence*, 412 F.2d at 1176 (holding that "[a] nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant"). Indeed, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* Accordingly, Johnson's California citizenship destroys complete diversity, as both Johnson and Farrell are citizens of California.

The authorities upon which JP Morgan defendants rely in their notice of removal for the proposition that the Court can ignore the citizenship of a defendant who has not been served are inapposite. Those cases address the applicability of the "local defendant" rule, which applies where an action is "*otherwise removable* solely on the basis of the jurisdiction under [28 U.S.C.] § 1332(a)" and bars removal if any of the defendants "properly joined and served" is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b) (emphasis added). In each of the cases that JP Morgan defendants cite, the action was "otherwise removable" under 28 U.S.C. § 1332 because complete diversity of citizenship existed based on the face of the complaint, and the question before the court was whether the local defendant rule would preclude removal notwithstanding the presence of complete diversity of citizenship. *See, e.g.*, *Saratoga Advantage Tr. Tech. & Commc'ns Portfolio v. Marvell Tech. Grp., Ltd.*, No. 15-CV-04881-RMW, 2015 WL 9269166, at *1 (N.D. Cal. Dec. 21, 2015) (discussing whether the local defendant rule bars removal where complete diversity of citizenship existed at the time the complaint was filed and the notice of removal was served); *Davis v. Hoffman-LaRoche, Inc.*, No. 13-5051 JSC, 2014 WL 12647769, at *2 (N.D. Cal. Jan. 14, 2014) (same). Here, by contrast, the action is *not* "otherwise removable" under 28 U.S.C. § 1332 because complete diversity of citizenship did not exist at the time the complaint was filed and removal was effected. Thus, these authorities do not alter the Court's conclusion that Johnson's California citizenship destroys complete diversity and precludes removal pursuant to 28 U.S.C. § 1332.

In light of this conclusion, which is sufficient to grant Farrell's motion to remand, the Court need not resolve JP Morgan defendants' second argument that the citizenship of Periera and Prario can be ignored on the basis that they were fraudulently joined.

JP Morgan defendants argue for the first time in their opposition to Farrell's motion to remand that a third ground for removal jurisdiction exists, namely that Johnson's California citizenship can be ignored under 28 U.S.C. § 1441(b)(1). That statute provides that "the citizenship of defendants sued under fictitious names shall be disregarded" for the purpose of determining whether an action is removable on the basis of 28 U.S.C. § 1332. 28 U.S.C. § 1441(b)(1). JP Morgan defendants contend that, on June 3, 2020, Farrell "judicially admitted" that Johnson is a "fictitious defendant" in his *Ex Parte* Application for Order of Publication of Summons, because Farrell stated in that motion that a private investigator had determined that "Ann Johnson may also be known as Suzy Yonko." *See* Opp'n at 1, 3, Docket No. 21.

This newly-asserted ground for removal is procedurally barred because JP Morgan defendants did not include it in their notice of removal, and because JP Morgan defendants cannot amend the notice of removal at this juncture to add an additional substantive ground for removal.[1] *See Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) (Gonzalez Rogers, J.) ("The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand."); *Barrow*, 418 F.2d at 317 (same).

Further, even if the Court could consider this new argument, it would not permit the Court to conclude that the removal of this action was proper on the basis of 28 U.S.C. § 1332. Defendants have not shown that Johnson's California citizenship can be disregarded on the ground that "Ann Johnson" is a fictitious name. That Farrell discovered during his attempts to serve Johnson that she may *also* go by the name "Suzy Yonko" does not prove that "Ann Johnson" is not this defendant's real name. Reply at 5-7, Docket No. 25. Farrell avers that "Ann Johnson" is

---

[1] Defendants claim to have discovered that Johnson also goes by the name Suzy Yonko on June 3, 2020, a day before they removed the action; accordingly, they could have but failed to include this newly-asserted ground for removal in their notice of removal.

6

1  the name that the person who allegedly took his money used as part of the sweetheart scheme
2  alleged in the complaint and that he met her in person in a store in 2014. Compl. ¶¶ 2, 18. Farrell
3  also represents that Johnson signed a note promising to pay back money he loaned her using the
4  name "Ann Z. Johnson" and that she listed a California address on that note. Reply at 6, Docket
5  No. 25; Fish Decl. ¶ 2 & Ex. M, Docket No. 25-1 (promissory note). In light of Farrell's
6  allegations and representations, which contain enough specifics as to Johnson's citizenship and
7  relationship to the action, the Court cannot conclude that "Ann Johnson" is a fictitious name such
8  that her California citizenship can be disregarded for the purpose of determining whether the
9  requirements of 28 U.S.C. § 1332 are met. *See Robinson v. Lowe's Home Centers, LLC*, No. 1:15-
10 CV-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015) (noting that, where the
11 "allegations that concern the Doe Defendants provide a reasonable indication of their identity, the
12 relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity
13 jurisdiction"); *Fisher v. Direct TV, Inc.*, No. CV 13-68-M-DWM-JCL, 2013 WL 2152668, at *4
14 (D. Mont. May 16, 2013) (same); *cf. Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F.
15 Supp. 3d 1029, 1036 (E.D. Cal. 2015) (concluding that, because "the charges against the Does are
16 so general that no clues exist as to their identity, citizenship, or relationship to the action, the
17 Court may disregard these fictitious defendants for jurisdictional purposes").

18 JP Morgan defendants' reliance on *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696
19 (9th Cir. 2005) does not alter the analysis. That case does not address the question of whether a
20 court should disregard under 28 U.S.C. § 1441(b)(1) the citizenship of a defendant who, like
21 Johnson, appears to have gone by different names. Instead, *Harris* addresses the question of how
22 to determine when the thirty-day period for removing an action to federal court begins. In that
23 case, the Ninth Circuit held that the action became removable, and the thirty-day clock for
24 removal started ticking, when it became apparent that the plaintiff "had *abandoned* his claims
25 against" a defendant who destroyed complete diversity, who the plaintiff ultimately determined
26 had been deceased for a number of years. *Id.* The court of appeals reasoned that, once the
27 plaintiff abandoned his claims against this defendant, "complete diversity between the remaining
28

parties first became ascertainable." *Id.*  This case is inapposite for a variety of reasons, including that Farrell has not abandoned his claims against Johnson.

Defendants also rely on *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, 93 (2005) for the proposition that the Court "cannot address any assertion by Plaintiff that defendant Suzy Yonko, whereabouts unknown, will destroy diversity." Opp'n at 6 n.5, Docket No. 21.  *Lincoln* does not support that argument, however.  Nor does *Lincoln* have any bearing on the question of whether the citizenship of a named defendant who may gone by different names can be ignored under 28 U.S.C. § 1441(b)(1).  In that case, the plaintiffs, who were citizens of Virginia, sued in Virginia state court a defendant corporation that was a citizen of Texas.  Because complete diversity of citizenship existed and the amount in controversy exceeded $75,000, the Texas defendant removed the action to federal court on the basis of 28 U.S.C. § 1332.  The Supreme Court held that the Fourth Circuit had erred in concluding that the case should have been remanded on the ground that the Virginia citizenship of a non-party subsidiary of the Texas defendant destroyed complete diversity.  The Supreme Court reasoned that the plaintiffs could have, but had not, named the Virginia subsidiary as a defendant; accordingly, the citizenship of the Virginia subsidiary was irrelevant to the question of whether the action had been properly removed to federal court on the basis of 28 U.S.C. § 1332.  In so holding, the Supreme Court noted that, before removing the action, the named Texas defendant had been under no obligation "to negate the existence of a potential defendant whose presence in the action would destroy diversity." *Id.* at 84.  This holding is irrelevant to Farrell's motion to remand, because Johnson, unlike the non-party Virginia subsidiary, has been named as a defendant in the complaint.

For the foregoing reasons, the Court concludes that JP Morgan defendants have not met their burden to show that this action can be removed on the basis of 28 U.S.C. § 1332, because they have not shown that complete diversity of citizenship exists.  The Court therefore **GRANTS** Farrell's motion to remand, and it **DENIES AS MOOT** JP Morgan defendants' pending motion to dismiss.

Because the absence of removal jurisdiction on the basis of 28 U.S.C. § 1332 was evident at the time that JP Morgan defendants removed this action, the Court finds that awarding Farrell

the attorneys' fees he incurred in connection with the removal would be appropriate. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Moore*, 981 F.2d at 447 (holding that the district court has "wide discretion" to determine whether to award fees under 28 U.S.C. § 1447(c) and that "bad faith need not be demonstrated" for the district court to award fees).

Farrell's counsel represents that she spent at least twelve hours reviewing the removal filings and researching and drafting the present motion to remand, and that she anticipates spending at least an additional four hours reviewing JP Morgan defendants' opposition and preparing a reply brief. Fish Decl. ¶ 14, Docket No. 11-1. She further represents that her rate is $595 per hour. *Id.* Farrell requests a total of $9,520 in attorneys' fees.

The Court finds and concludes that the hours that Farrell's counsel spent on matters arising out of JP Morgan defendants' removal of this action to this Court, as well as the hourly rate of his counsel, are reasonable. Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court **ORDERS** JP Morgan defendants to pay $9,520 to Farrell for the **ATTORNEYS' FEES** he incurred in connection with the removal of this action.

### IV. CONCLUSION

The Court **GRANTS** Farrell's motion to remand this action to the Superior Court of the County of San Francisco and it **DENIES AS MOOT** JP Morgan defendants' motion to dismiss. The Court **ORDERS** JP Morgan defendants to pay $9,520 to Farrell for the **ATTORNEYS' FEES** he incurred in connection with the removal of this action.

This order terminates Docket Numbers 7 and 11. This order also terminates this action.

**IT IS SO ORDERED.**

Dated: October 28, 2020

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE